IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STACY GRIZZARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| PACCAR, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES,** Plaintiff Stacy Grizzard ("Plaintiff") and avers against Paccar, Inc. ("Defendant") the following:

## PARTIES AND SERVICE

1. Plaintiff is Stacy Grizzard, a Citizen of the United States of America and of the State of Texas, and a resident of Tarrant County.

2. Defendant is Paccar, Inc., a Delaware Corporation, whose registered Agent in Texas is The Prentice Hall Corporation System, with an address of 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4), because Plaintiff asserts federal civil rights claims under the ADA, 42 U.S.C. § 12182, and the ADEA 29 U.S.C. § 621 - 634. This Court has supplemental jurisdiction over Plaintiffs' Texas state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant, as Defendant Paccar, Inc. regularly conducts business in this District, through its Peterbilt Motors Division.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d), as Defendant, through its Peterbilt Motors Division, regularly conducts business in this District.

## FACTUAL ALLEGATIONS

6. Stacy Grizzard is a 43-year-old female who began working at Peterbilt Motors on December 11, 2013, as a Senior Supplier Warranty Recovery Analyst.

7. On June 15, 2018, Plaintiff was standing at her desk at work when she fainted, fell and hit her head on a steel post on her Co-Worker Marv McComb's desk, then hit her head again on the thinly carpeted cement office floor.

8. Once on the floor, Plaintiff then suffered a seizure which lasted approximately eight minutes and started convulsing and foaming at the mouth.

9. Plaintiff was then taken to the Medical City Hospital in Denton, Texas, by ambulance, barely conscious, and when she came to, she could not recall what had happened to her.

10. Plaintiff's primary diagnosis after her fall was Seizure Disorder, which Disorder was caused by her fall, and Traumatic Head Injury.

11. Plaintiff, after her accident, suffered problems, and has continued to suffer with impaired speech, vision problems, trouble waking up, balance, uncontrollable eye spasms, ear ringing, memory loss, coordination problems, depth perception problems, and migraine headaches, for which she is still receiving medication. She has had to engage in physical therapy to learn how to walk again in a straight line and perform cognitive exercises to try to recover her brain function.

12. Plaintiff's Manager, Phil Hasenoehrl, failed to write an accident report about her injury. As a result, Plaintiff was denied worker's compensation benefits, which would have covered her medical bills. Plaintiff thereafter incurred approximately one-hundred, fifty thousand ($150,000) in medical bills related to her fall and subsequent head injury.

13. On October 18, 2018, Plaintiff was told that her disability and FMLA benefits had run out and that if she did not return to work, she would lose her job.

13. Consequently, even though she was not given a full release by her Doctor, Plaintiff did return to work, because she did not want to lose her job.

14. Plaintiff was still suffering with severe migraine headaches and memory loss in addition to all other symptoms identified in paragraph 11 above.

15. When Plaintiff returned to work, she was treated differently by other employees, in that most of her co-workers did not want to talk to her or help her get re-oriented with her job duties. A Co-Worker informed Plaintiff that a meeting had been held and other employees were instructed by management not to interact with Plaintiff.

16. Only Co-Worker Marv McComb offered to assist Plaintiff with recalling the tasks involved in performing her job.

17. When Plaintiff had to leave work because of migraines or for side effects from the required medicine she was taking, management let her know that they did not approve of her absences.

18. Plaintiff explained to Defendant's management that she was having trouble remembering her job duties and functions and needed assistance, but Defendant gave Plaintiff no assistance or accommodation whatsoever. Management informed Plaintiff that she had already created hardship for her department because of her disability and not being able to complete the same amount of work as she had before.

19. Plaintiff had to work overtime to complete the amount of work that she was being given.

20. Plaintiff came up with her own methods of remembering her job, like extensive note-taking.

21. Plaintiff was able to perform the duties of her job, albeit much more slowly than before her injury, but no adjustment or accommodation in her workload was made by Defendant.

22. The only accommodation Plaintiff received from Defendant was to be able to turn off her cubicle light when she was suffering with migraines.

23. Plaintiff's Manager Phil Hasenoehrl told her that Plaintiff should quit and go on Disability.

24. What Plaintiff actually needed was an accommodation of additional job training and assistance, which Plaintiff continued to request from Defendant, but Defendant continually refused. Management demanded that she continue to perform her full workload even after repeated requests for accommodations because of her disability.

25. Instead of providing Plaintiff the assistance she needed, on February 1, 2019, Defendant put Plaintiff on a 30-day Performance Improvement Program (PIP).

26. Plaintiff was told by her Manager Phil Hasenoehrl that she was put on the PIP because she was not performing up to the standards of her position.

27. Management also pressured Plaintiff to get a full release from her doctors.

28. On February 27, 2019, Plaintiff was terminated from her employment by Human Resources Business Partner Patrick Johnson because Johnson said she was not able to perform the duties of her job, based on the report by Phil Hasenoehrl. Plaintiff's prior accident and subsequent disability were completely disregarded by Defendant.

31. However, according to the Texas Workforce Commission Civil Rights & Discrimination Division, Plaintiff was not terminated for misconduct or performance issues, but for having a medically verified illness. (See Exhibit 1)

32. Plaintiff was able to perform her job duties and requested accommodations which would have helped her improve her performance, but she was denied accommodations by Defendant.

**FACTUAL ALLEGATIONS PERTINENT TO PLAINTIFF'S ADEA CLAIM**

33. Beginning on or about 2018, younger employees hired by Defendant, about the same time, or after, Plaintiff had been hired, began receiving higher rates of pay or raises in their rate of pay.

34. When Plaintiff was recommended for a raise, Defendant's managers denied it.

35. The only raise Plaintiff ever received while employed by Defendant was a cost of living raise.

36. Plaintiff had been told that she would receive a raise after being employed for 18 months, but she never received such a raise.

37. During Plaintiff's employment with Defendant, numerous other younger employees, who shared similar work qualifications with Plaintiff, were promoted and received commensurate raises.

38. Plaintiff, however, was denied any such promotions, even before her accident, and most certainly, thereafter.

39. Defendant discriminated against Plaintiff first on the basis of her age, then after her accident, on the basis of her age and disability.

40. Both Plaintiff's age and disability were the reasons Plaintiff was terminated from her employment.

**CONDITIONS PRECEDENT**

41. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed first with the Texas Workforce Commission within three-hundred days of the acts complained of herein, which Charge was then transferred to the Equal Employment Opportunity Commission. Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## PLAINTIFF IS PERMANENTLY DISABLED FROM AN INJURY SHE SUFFERED ON THE JOB

42. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

43. Plaintiff suffers and will continue to suffer permanent physical impairments as the result of the brain injury she sustained at work, those impairments substantially limit one or more of her major life activities; Plaintiff has a record of such impairments; Plaintiff has had, and is currently regarded as having, such impairments. (**42 U.S.C. § 12102(1)**)

### I. VIOLATION OF THE ADA - 42 U.S.C. § 12112 et seq.- FAILURE TO PROVIDE REASONABLE ACCOMODATIONS

44. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

45. Plaintiff was a qualified individual with a disability, namely the brain injury she suffered at work as the result of her fall, and that injury's subsequent consequences and impairments; Defendant was aware of Plaintiff's disability; with reasonable accommodations, Plaintiff would have been able to perform the essential functions of her job; Defendant denied Plaintiff those reasonable accommodations.

### II. VIOLATION OF TCHRA - TEXAS LABOR CODE- CHAPTER 21.128

46. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

47. Plaintiff is an individual who has a disability within the meaning of TCHRA; Defendant had notice of Plaintiff's disability; with reasonable accommodations Plaintiff could have performed the essential functions of her position; Defendant refused to make such accommodations.

### III.    VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT - 29 U.S.C. § 621 et seq.

48. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

49. Plaintiff was over forty years old; she was terminated from her position on the basis of her age; she was qualified for her position; Defendant retained younger employees in the same position and/or otherwise discriminated against Plaintiff on the basis of her age.

### IV.    VIOLATION OF TEXAS LABOR CODE - CHAPTER 21 - AGE DISCRIMINATION

50. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

60. Plaintiff was over forty years old; she was qualified for her position; she was terminated from her position; the position was filled with an employee younger than Plaintiff, or Plaintiff was otherwise discriminated against on the basis of her age.

### V.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

62. Defendant acted intentionally or recklessly in that Defendant's conduct was extreme and outrageous, that conduct caused Plaintiff emotional distress, and the emotional distress suffered by Plaintiff was severe.

### DAMAGES

a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

b. Back pay from the date that Plaintiff was released to return to work with restrictions, and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

c. All reasonable and necessary costs incurred in pursuit of this suit;

d. Emotional pain;

e. Expert fees as the Court deems appropriate;

f. Front pay in an amount the Court deems equitable and just to make plaintiff whole;

g. Prejudgment interest;

h. Loss of enjoyment of life;

i. Mental anguish in the past;

j. Mental anguish in the future;

k. Loss of earnings in the past;

l. Loss of earning capacity which will, in all probability, be incurred in the future; and

m. Loss of benefits.

## EXEMPLARY DAMAGES

Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Stacy Grizzard respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Renea Overstreet

Renea Overstreet
Texas Bar No. 24066704
E-Mail: rdolaw@gmail.com
2100 N. Main Street, Suite 228
Fort Worth, Texas 76164
Tel. (817) 810-9747
Fax. (1-855) 299-5593
Attorney for Plaintiff
Stacy Grizzard